STATE of Missouri, Respondent,

v.

Jeffrey S. McDANIEL, Appellant.

No. 22195.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 10, 1999.

Amy M. Bartholow, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Meghan J. Stephens, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

A jury found Appellant [1] guilty of the class D felony of driving while intoxicated. §§ 577.010 and 577.023, RSMo 1994. The trial court sentenced Appellant to three years' imprisonment, suspended execution of the sentence, and placed Appellant on supervised probation for five years.

Appellant brings this appeal from that judgment. His sole point relied on avers the trial court erred in overruling his objection to the arresting officer's testimony that Appellant "did not have a driver's license and did not have insurance on the vehicle," and in denying Appellant's request for a mistrial.

Appellant does not challenge the sufficiency of the evidence to support the verdict, hence this opinion refers to only the evidence pertinent to the claim of error.

The arresting officer saw a motor vehicle driven by Appellant go through an intersection at "a high rate of speed" without stopping for an electric traffic signal flashing red "in all four directions ." The officer pursued Appellant's vehicle "a couple of blocks" until it entered a parking lot and stopped. The officer's testimony continued:

"Q. ... Once the vehicle came to stop, what, if anything, did you do?

A. I approached the driver and I asked to see his driver's license and proof of insurance.

. . . .

Q. ... did the driver supply you with the driver's license, proof of insurance?

A. No. He said he did not have a driver's license nor did he have insurance on the vehicle."

---

1. Appellant's forename is spelled "Jeffrey" on most of the documents in the record; however, it is spelled "Jeffery" on the notice of appeal. Inasmuch as no document in the record bears Appellant's signature, this court cannot ascertain which spelling is correct.

At that juncture, Appellant's lawyer ("Defense Counsel") asked to "approach the bench." Outside the hearing of the jury, Defense Counsel said:

"The mention of the lack of proof of insurance that's come out, I'm going to ask for a mistrial based on that information in front of the jury. Would be evidence of possibly other crimes, driving without insurance."

The trial court denied the request for mistrial; however, the court cautioned the prosecutor to "steer away from it." The prosecutor obeyed the admonition.

Appellant maintains in this appeal that the trial court's ruling was prejudicially erroneous in that the officer's testimony "was irrelevant to any issue at trial and was prejudicial to [Appellant]." Citing State v. Brooks, 675 S.W.2d 53, 59[15] (Mo.App. S.D.1984), Appellant insists that when evidence of other crimes is erroneously admitted, it is presumed to be prejudicial.

This court begins its consideration of Appellant's claim of error by noting that a point on appeal regarding admissibility of evidence must be based on the theory of the objection at trial. State v. Lang, 515 S.W.2d 507, 511[8] (Mo.1974); State v. Bransford, 920 S.W.2d 937, 945[6] (Mo.App. S.D.1996). An accused is not permitted on appeal to broaden the objection presented to the trial court. State v. Alexander, 620 S.W.2d 380, 384[5] n. 4 (Mo. banc 1981); Bransford, 920 S.W.2d at 945[7].

In the instant case, Defense Counsel sought a mistrial on the ground that the officer's testimony about Appellant's "lack of proof of insurance" constituted "evidence of possibly other crimes, driving without insurance."

Neither Appellant's point relied on nor the argument following it identifies any Missouri statute making "driving without insurance" a crime. This court's search of the statutes has unearthed no such crime.

This court is mindful that operating a motor vehicle without a valid operator's license

is a class A misdemeanor. § 302.020.1(1), RSMo Supp.1995; § 302.340, RSMo 1994. However, Defense Counsel did not seek a mistrial on the ground that the officer's testimony about Appellant's lack of a driver's license constituted evidence of another crime.

■ This court therefore holds Appellant's claim of error was not preserved for review. However, even were it preserved it would not compel reversal.

In an unorthodox move at trial, Appellant testified he was intoxicated at the time of arrest. Asked why, Appellant responded:

> "It's because I've been through a lot of trials and tribulations with the police department and with the prosecuting attorney's office that was where I've been in cases where I didn't get a fair shake and ... I was really just trying to ... comfort myself by drinking a lot, you know, alcohol, to not think about it, to get my mind off of how I've been treated in the past."

Appellant added: "I've been clean and sober for a year and two months."

*In State v. Pate,* 859 S.W.2d 867 (Mo.App. S.D.1993), the accused was convicted of possession of marijuana. *Id.* at 868. On appeal, this court held that although the marijuana and the accused's statements to law enforcement officers should have been suppressed, their receipt into evidence as part of the State's case was harmless error beyond a reasonable doubt because the accused voluntarily testified in his own behalf and his testimony amounted to a confession to which the challenged evidence was merely cumulative. *Id.* at 870[4]. The conviction was affirmed. *Id.* at 873.

Inasmuch as Appellant's testimony in the instant case amounted to a confession of driving while intoxicated, this court, consistent with *Pate,* holds the officer's testimony complained of by Appellant was harmless beyond a reasonable doubt.

The judgment is affirmed.

PREWITT, P.J., and PARRISH, J., concur.